PHILLIP A. TALBERT
United States Attorney
ALSTYN BENNETT
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America



FILED
Nov 07, 2024
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

SEALED

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-cr-0302 JAM |
| Plaintiff, | 21 U.S.C. § 841(a)(1) – Distribution of Methamphetamine; 21 U.S.C. § 853(a) – Criminal Forfeiture |
| v. | |
| JULIAN RAYMON ORTIZ, | |
| Defendant. | |

## INDICTMENT

The Grand Jury charges: T H A T

JULIAN RAYMON ORTIZ,

defendant herein, on or about April 30, 2024, in the County of Sacramento, State and Eastern District of California, did knowingly and intentionally distribute at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

FORFEITURE ALLEGATION: [21 U.S.C. § 853(a) – Criminal Forfeiture]

1.  Upon conviction of the offense alleged in this Indictment, defendant JULIAN RAYMON ORTIZ shall forfeit to the United States pursuant to Title 21, United States Code, Section 853(a), the following property:

/ / /

a. Any real or personal property, which constitutes or is derived from any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part to commit or to facilitate the commission of the offense.

b. A sum of money equal to the total amount of proceeds obtained as a result of the offense, for which defendant is convicted.

2. If any property subject to forfeiture, as a result of the offense alleged in this Indictment, for which defendant is convicted:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

Signature on file w/AUSA
_____
FOREPERSON

*[signature]*
PHILLIP A. TALBERT
United States Attorney

No. _____                                                2:24-cr-0302 JAM

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

THE UNITED STATES OF AMERICA
vs.
JULIAN RAYMON ORTIZ

INDICTMENT

**VIOLATION(S):** 21 U.S.C. § 841(a)(1) – Distribution of Methamphetamine;
21 U.S.C. § 853(a) – Criminal Forfeiture

*A true bill,*   /s/ Signature on file w/AUSA

_____
*Foreman.*

*Filed in open court this* __7th__ *day*

*of* __November__, A.D. 20 __24__

/s/ Jonathan Anderson
_____
Clerk.

Bail, $ _____ Bench warrant to issue; detention/release to be addressed at initial appearance

_____
U.S. Magistrate Judge

GPO 863 525

2:24-cr-0302 JAM

<u>United States v. Julian Raymon ORTIZ</u>
**Penalties for Indictment**

| | |
|---|---|
| VIOLATION: | 21 U.S.C. §§ 846, 841(a)(1) – Distribution of at least 500 Grams of a Mixture and Substance Containing a Detectable Amount of Methamphetamine |
| PENALTIES: | Mandatory minimum of 10 years in prison and up to life in prison; or<br>Fine of up to $10,000,000; or both fine and imprisonment<br>Supervised release of at least 5 years and up to life |
| SPECIAL ASSESSMENT: | $100 (mandatory) |

**FORFEITURE ALLEGATION:**

| | |
|---|---|
| VIOLATION: | 21 U.S.C. § 853(a) – Criminal Forfeiture |
| PENALTIES: | As stated in the charging document |