MICHELE BECKWITH
Acting United States Attorney
ALSTYN BENNETT
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>JULIAN RAYMON ORTIZ,<br><br>                              Defendant. | CASE NO.  2:24-cr-00302-JAM<br><br>**<u>SECOND</u> STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME**<br><br>DATE: March 25, 2025<br>TIME: 9:00 a.m.<br>COURT: Hon. John A. Mendez |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on March 25, 2025.

2.      By this stipulation, defendant now moves to continue the status conference until **May 20, 2025, at 09:00 a.m.**, and to exclude time between March 25, 2025, and May 20, 2025, under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

        a)      The government has represented that the discovery associated with this case includes investigative reports and related documents in electronic form, as well as audio and video.

        b)      On March 4, 2025, defense counsel requested six additional categories of

STIPULATION AND ORDER

1

discovery.  The government will produce materials responsive to this request by the end of this week.

c)      Counsel for defendant desires additional time to review the current charges, to review discovery for this matter, to discuss potential resolutions with her client, and to otherwise prepare for trial.

d)      Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e)      The government does not object to the continuance.

f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 25, 2025 to May 20, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///
///
///
///
///
///

///

4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  March 17, 2025                          MICHELE BECKWITH
                                                Acting United States Attorney


                                                /s/ ALSTYN BENNETT
                                                ALSTYN BENNETT
                                                Assistant United States Attorney


Dated:  March 17, 2025                          /s/ DINA SANTOS
                                                DINA SANTOS
                                                Counsel for Defendant
                                                JULIAN RAYMON ORTIZ




**ORDER**

IT IS SO ORDERED.


Dated: March 18, 2025            /s/ John A. Mendez
                                 THE HONORABLE JOHN A. MENDEZ
                                 SENIOR UNITED STATES DISTRICT JUDGE