```
DINA L. SANTOS, SBN 204200
Dina L. Santos, A Professional Law Corp.
455 Capitol Mall, Suite 802
Sacramento, California 95814
Telephone: (916) 447-0160

Attorney for
JULIAN ORTIZ
```

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JULIAN RAYMON ORTIZ,<br><br>　　　　Defendant. | Case No.: 2:24-cr-00302-JAM<br><br>**STIPULATION AND ORDER TO CONTINUE FURTHER STATUS CONFERENCE AND HEARING ON MOTION TO DISMISS**<br><br>Date:　November 4, 2025<br>Time:　9:00 a.m.<br>Judge:　Hon. Mendez |

## **STIPULATION**

The United States of America through its undersigned counsel, Jason Hitt, Assistant United States Attorney, together with Attorney Dina Santos, counsel for Julian Ortiz, hereby stipulate the following:

1. The Status Conference and motion to dismiss was previously set for October 21, 2025. By this stipulation, the parties now move to continue the Status Conference and the motion to dismiss to November 4, 2025, at 9:00 a.m. and to exclude time between October 21, 2025 and November 4, 2025, under the Local Code T-4 (to allow defense counsel time to prepare).

2. The parties agree and stipulate, and request the Court find the following:

STIPULATION AND ORDER　　　　- 1 -

    a. A continuance is requested to continue to allow the Defense to meet with the Client, attempt to conduct investigation and obtain expert assistance from contractors that are not being paid.

    b. Counsel for the Defendant believes the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    c. The Government does not object to the continuance.

    d. Based on the above-stated findings, the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial within the original date prescribed by the Speedy Trial Act.

    e. For the purpose of computing time under the Speedy Trial Act, 18 United States Code Section 3161(h)(7)(A) within which trial must commence, the time period of April 24, 2025, and June 12, 2025, inclusive, is deemed excludable pursuant to 18 United States Code Section 3161(h)(7)(A) and (B)(iv), corresponding to Local Code T-4 because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

///
//
/

**IT IS SO STIPULATED.**

DATED: October 16, 2025                      Eric Grant
                                                        United States Attorney

                                                        /s/ Jason Hitt
                                                        JASON HITT
DATE: October 16, 2025                       Assistant U.S. Attorney

                                                        /s/ Dina Santos
                                                        DINA SANTOS
                                                        Attorney for Julian Ortiz

## ORDER

Based on the stipulation of the parties, the October 21, 2025 the **Further Status Conference/Hearing on Defendant's Motion to Dismiss** is **VACATED** and **RESET** for **Tuesday, November 04, 2025, 9:00 a.m.** Time has previously been excluded through January 26, 2026. See ECF No. 21.

The Court has read and considered the Stipulation Regarding Excludable Time Period Pursuant to Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.

IT IS SO ORDERED.

Dated:  October 16, 2025

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE