1  ERIC GRANT
   United States Attorney
2  JASON HITT
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700

5  Attorneys for Plaintiff
   United States of America
6

7

8              IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              CASE NO.  2:24-CR-00302-JAM

12                      Plaintiff,          UNITED STATES'S MOTION FOR
                                                  RECONSIDERATION
13              v.

14  JULIAN ORTIZ,

15                      Defendant.

16

17        The United States, by and through Assistant United States Attorney Jason Hitt, respectfully

18  submits this motion to reconsider the Court' Order dismissing the Indictment against defendant Julian

19  Ortiz ("defendant"), filed on November 12, 2025.  ECF 30.

20                                **BACKGROUND**

21        On November 12, 2025, the Court issued an Order granting defendant's motion to dismiss the

22  Indictment based upon a lapse in funding caused by Congressional inaction that affected counsel

23  appointed pursuant to the Criminal Justice Act ("CJA"), including counsel for the defendant in this case.

24  ECF 30, at 12.  As its rationale for dismissing the Indictment, the Court relied on "Congress's prolonged

25  failure to provide funding for defense counsel []."  ECF 30, at 7.  Recognizing that this was an "issue of

26  first impression with no known appellate court precedent," ECF 30, at 1, the Court "administratively

27  stay[ed]" the Order "until November 21 at 5:00 p.m." in order to "permit the Government to seek

28  appellate review of this Order, should it decide to do so" or "file a motion for reconsideration should the

UNITED STATES'S MOTION FOR RECONSIDERATION          1

1  current Government shut down end and adequate funding and resources to prepare for trial be provided

2  to Defendant in a timely manner."  ECF 30, at 12.

3  **ANALYSIS**

4      "[A] district court may reconsider its prior rulings so long as it retains jurisdiction over the case."

5  *United States v. Smith*, 389 F.3d 944, 948 (9th Cir. 2004) (citing *City of Los Angeles v. Santa Monica*

6  *Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001)); *see* L.R. 430.1(i) (authorizing motions for

7  reconsideration where "new or different facts or circumstances" "exist that did not exist or were not

8  shown upon such prior motion or what other grounds exist for the motion."  L.R. 430.1(i)(3).

9      In this case, the Court may reconsider its dismissal Order because it retained jurisdiction over its

10  Order by administratively staying it until November 21, 2025.  *Smith*, 389 F.3d at 948; *see Santa*

11  *Monica Baykeeper*, 254 F.3d at 886 ("A district court's power to rescind, reconsider, or modify an

12  interlocutory order is derived from the common law, not from the Federal Rules of Civil Procedure.").

13  Moreover, since the Court's Order, there are "new" and "different" facts and circumstances that exist

14  that did not exist when the Court issued its dismissal Order.  L.R. 430.1(i)(3).  Specifically, within hours

15  of the Court's dismissal Order, on November 13, 2025, the President signed into law HR 5371.

16  https://www.congress.gov/bill/119th-congress/house-bill/5371/text (last accessed November 13, 2025).

17  Section 144 of the bill provides funding for CJA lawyers, including counsel for the defendant in this

18  case.  Specifically, HR 5371 appropriated "$1,564,373,000" to be "apportioned up to the rate for

19  operations necessary to make payments, including to panel attorneys and related service providers, due

20  under sections 3006A and 3599(g) of title 18, United States Code."  *Id.*  According to information

21  provided by the Federal Defender for the Eastern District of California and Chief Judge Troy L. Nunley,

22  the passage of HR 5371 means that CJA panel attorney payments may now be processed with payments

23  to be made in daily batches of 4,000 in sequential order starting with the oldest payments.  In addition,

24  the funding includes an increase in the money allocated in order to cover the backlog of CJA panel

25  attorney payments.  *See*

26  https://fingfx.thomsonreuters.com/gfx/legaldocs/movabjkkrpa/11132025ao_memo.pdf, at 1–2 (last

27  accessed on November 17, 2025) ("The CR funds the Judiciary at FY 2025 levels with the exception of

28  Defender Services, which receives a $114 million increase above a hard freeze to address the backlog of

1  panel attorney payments.").  It is estimated that the first payments will reach the Treasury Department

2  for disbursement early next week.

3        Because the sole rationale for the Court's dismissal Order is now moot based upon the

4  restoration of funding, this changed circumstance provides grounds for the Court to reconsider its

5  previous dismissal Order.  Indeed, the Court accounted for such a changed circumstance, and a resulting

6  motion for reconsideration, in its Order.  Accordingly, the United States respectfully moves for the

7  Court to reconsider its Order dismissing the Indictment based upon changed circumstances, vacate that

8  Order, and set a status conference in this case as soon as practical in order to set trial and address

9  whether time should be excluded from the Speedy Trial Act.

10

11   Dated:  November 17, 2025                                    ERIC GRANT
                                                                  United States Attorney

12

13                                                      By:  */s/ Jason Hitt*
                                                            JASON HITT
14                                                          Assistant United States Attorney

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES'S MOTION FOR RECONSIDERATION                3